UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM B. McMICHAEL,

    Petitioner,    FILE NO. 5:06-CV-127

v.    HON. ROBERT HOLMES BELL

JOHN PRELESNIK,

    Respondent.
_____/

**<u>OPINION ADOPTING REPORT AND RECOMMENDATION</u>**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition (docket #3). The matter presently is before the Court on Petitioner's objections to the R&R (docket #5). For the reasons that follow, Petitioner's objections are rejected and the R&R is adopted in its entirety as the opinion of this court.

I.

This Court reviews *de novo* those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See also U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report,

which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").  The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1).

This action is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See, e.g., Penry v. Johnson*, 532 U.S. 782, 791 (2001).  Under the AEDPA, promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d).  *Day v. McDonough,* 126 S. Ct. 1675, 1684 (2006).

## II.

On March 6, 1991, Petitioner was convicted by an Oakland County jury of one count of first-degree felony murder, MICH. COMP. LAWS § 750.316; one count of conspiracy to

commit armed robbery, MICH. COMP. LAWS 767.44; four counts of armed robbery, MICH. COMP. LAWS § 750.529; and six counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b.  On March 25, 1991, he was sentenced to a term of life without parole on the felony murder conviction, parolable life terms on the conspiracy conviction and each of the armed robbery convictions, and a term of two years on each count of felony-firearm.  Petitioner appealed his conviction to the Michigan Court of Appeals, which affirmed in part but vacated three counts of armed robbery and three counts of felony-firearm.[1]  Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave on April 29, 1994.

On November 22, 2000, Petitioner filed a motion for relief from judgment in the Oakland County Circuit Court, which was denied on May 31, 2001.  Reconsideration was denied on June 18, 2001.  Petitioner did not appeal the denial of the motion.  On or about August 14, 2006, Petitioner filed the instant habeas action.[2]

---

[1] The action by the court of appeals to vacate these counts resulted in the discrepancy noted by the Magistrate Judge between the convictions reported by Petitioner and those reflected on the Michigan Department of Corrections Offender Tracking Information System. *See* http://www.state.mi.us/mdoc/asp/otis2.html.

[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  Petitioner dated his application on August 14, 2006, and it was received by the Court on August 18, 2006.  Thus, it must have been handed to prison officials for mailing at some time between August 14 and 18.  For purposes of this case, the Court has given Petitioner the benefit of the earliest possible filing date.

The Magistrate Judge determined that the petition was barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). The Magistrate Judge reasoned that, because Petitioner's state-court conviction was final before passage of the AEDPA, he was entitled to file his petition within the one-year grace period from the effective date of the statute, or until April 24, 1997. The instant petition was filed more than nine years after expiration of the grace period. Further, the Magistrate Judge concluded that, because Petitioner's one-year grace period expired in 1997, his motion for relief from judgment filed in 2000 did not serve to revive the limitations period. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. Apr. 28, 2000).

Petitioner does not dispute the Magistrate Judge's calculations, and the Court finds no error. Petitioner argues, however, that he should be entitled to equitable tolling of the statute of limitations on the basis of the ineffective assistance of trial, appellate and postconviction counsel. As the Sixth Circuit repeatedly has held, equitable tolling of the AEDPA should be applied "sparingly." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). To demonstrate entitlement to equitable tolling, a petitioner must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

4

circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Petitioner's allegations fail to warrant the application of equitable tolling. As the Magistrate Judge noted, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Further, to the extent Petitioner's objections may be construed as a claim that he is actually innocent of the offense for which he is convicted, his objection must fail. The Sixth Circuit has held that a habeas petitioner who demonstrates a credible claim of actual innocence based on new evidence may, in exceptional circumstances, be entitled to equitable tolling of habeas limitations. *See Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005). However, to support a claim of actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Souter*, 395 F.3d at 590, 598-99; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Allen*, 366 F.3d at 405. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory

scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted).

Petitioner does not claim factual innocence. Instead, he argues that he should not have been convicted of felony murder when he did not pull the trigger and never intended to do more than commit armed robbery. This is a claim of legal insufficiency, not one of factual innocence. Further, Petitioner relies exclusively on the evidence present at trial, as opposed to presenting new, reliable evidence. For both reasons, Petitioner's objection does not support equitable tolling for actual innocence. *See Souter*, 395 F.3d at 597-98.

### III.

Having considered each of Petitioner's objections and finding no error, the Court hereby denies Petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This

Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See, e.g., Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural grounds that it was barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*. The Court finds that reasonable jurists

7

could not debate that this Court correctly dismissed each of Petitioner's claims on the procedural ground that the petition is barred by the statue of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

    A judgment consistent with this opinion shall be entered.


Date:   October 24, 2006           /s/ Robert Holmes Bell
                                                                  ROBERT HOLMES BELL
                                                                  CHIEF UNITED STATES DISTRICT JUDGE